```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


JAMES C. MOODY,                   §
                                  §
          Plaintiff,              §
                                  §
v.                                §
                                  §
AQUA LEISURE INTERNATIONAL,       §
BAD SCHLOSS, INC. d/b/a           §
SCHLITTERBAHN WATER PARK,         §   CIVIL ACTION NO. H-10-1961
SCHLITTERBAHN RESORT, and         §
SCHLITTERBAHN DEVELOPMENT         §
GROUP, NBGS INTERNATIONAL,        §
INC., JEFFREY WAYNE HENRY,        §
WATER RIDE CONCEPTS, INC., and    §
HENRY SCHOOLEY & ASSOCIATES,      §
                                  §
          Defendants.             §
```

**MEMORANDUM OPINION AND ORDER**

James C. Moody brings this action against NBGS International, Inc., Jeffrey Wayne Henry, Henry Schooley & Associates, and Water Ride Concepts, Inc. (collectively, "NBGS"); Bad Schloss, Inc. d/b/a Schlitterbahn Water Park, Schlitterbahn Resort, and Schlitterbahn Development Group (collectively "Schlitterbahn"); and Aqua Leisure International ("Defendants"), alleging patent infringement, breach of contract, misappropriation, fraud, and other related causes of action arising from a patent-assignment and consulting agreement entered into between Moody and NBGS. Pending before the court is Defendants Bad Schloss, Inc. d/b/a Schlitterbahn Water Park, Schlitterbahn Resort, Schlitterbahn Development Group, NBGS

International, Inc., Jeffrey Wayne Henry, Water Ride Concepts, Inc. and Henry Schooley and Associates Motion to Dismiss, or, in the Alternative, Motion to Transfer (the "Defendants' Motion") (Docket Entry No. 18). For the reasons explained below, the court will deny the Defendants' Motion.

## I.  Background

Moody, the plaintiff, patented an invention that utilizes "Tubescape Technology" to create low-rise water rides for water parks.[1] On January 19, 1999, in Comal County, Texas, Moody entered into an Assignment And Consulting Agreement (the "Agreement") with Jeffrey Henry, the CEO of NBGS.[2] Among other things, the Agreement assigned to NBGS all of Moody's rights relating to the "Low Rise Water Ride" patent, the Tubescape Technology, and a "mark" relating to the technology; and it also provided the terms by which Moody would be compensated.[3] The Agreement provided that Moody would "perform projects, as assigned by NBGS," as an independent contractor.[4]

On June 3, 2010, Moody filed this action, alleging that (1) NBGS and its related entities failed to comply with the

---

[1]Assignment And Consulting Agreement, Exhibit A to Defendants' Motion, Docket Entry No. 18, pp. 1, 6.

[2]Id. at 1, 12.

[3]Id. at 1-2, 6-9.

[4]Id. at 1-2.

provisions relating to Moody's compensation; (2) NBGS "never intended to make full payment" and "secretly harbored an intent to restrict payment on the ground of patent expiration"; (3) NBGS failed to disclose material facts; (4) NBGS "acted with malice and intent to defraud Mr. Moody of his patent rights," "never intended to make full payment for the Tubescape Technology," and "never intended to use Mr. Moody as a consultant"; and (5) since NBGS's conduct renders Moody the "equitable owner of the patent" and entitles Moody to "pursue claims for damages due to patent infringement," Schlitterbahn has infringed on Moody's patent and misappropriated the encompassing technology.[5] Moody alleges that the Defendants' conduct constitutes patent infringement, breach of contract, breach of the covenant of good faith and fair dealing, misappropriation, fraud and misrepresentation, and unjust enrichment, and requires that Moody be given title to the patent.[6]

The Defendants move to have this action dismissed pursuant to Fed. R. Civ. P. 12(b)(3) (improper venue), or in the alternative, transferred "to the Federal Court in Travis County pursuant to [the Agreement's forum-selection clause] and 28 U.S.C. § 1406(a)."[7] The Agreement's forum-selection clause states:

---

[5]Plaintiff's Original Complaint and Jury Demand ("Plaintiff's Complaint"), Docket Entry No. 1, ¶¶ 15-22.

[6]Id. ¶¶ 23-54.

[7]Defendants' Motion, Docket Entry No. 18, p. 3.

> 7.8 Applicable Law. THIS AGREEMENT AND ANY QUESTIONS CONCERNING ITS VALIDITY, CONSTRUCTION, OR PERFORMANCE SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS, IRRESPECTIVE OF THE PLACE OF EXECUTION, OR OF THE PLACE OR PLACES OF PERFORMANCE, AND JURISDICTION AND VENUE SHALL LIE WITH THE STATE AND FEDERAL COURTS LOCATED IN COMAL AND/OR TRAVIS COUNTY, TEXAS.[8]

Moody resides in this district, twelve miles north of Cleveland, Texas.[9] Except for Aqua Leisure International, which is a company located in Surrey, England, all of the defendants reside in New Braunfels, Texas, located in the Western District of Texas.[10]

## II. **Analysis**

The Defendants first seek dismissal under Fed. R. Civ. P. 12(b)(3) (improper venue). The Fifth Circuit has "accepted Rule 12(b)(3) as a proper method for seeking dismissal based on a forum selection clause." Lim v. Offshore Specialty Fabricators, Inc., 404 F.3d 898, 902 (5th Cir. 2005).[11]

---

[8] Agreement, Exhibit A to Defendants' Motion, Docket Entry No. 18, pp. 10–11.

[9] Declaration of Plaintiff James C. Moody in Opposition to Motion to Dismiss or in the Alternative to Change Venue ("Declaration of James Moody"), attachment to Plaintiff James C. Moody's Opposition to Motion to Dismiss or in the Alternative to Change Venue ("Plaintiff's Response"), Docket Entry No. 19, ¶ 2.

[10] Defendants Bad Schloss, Inc. d/b/a Schlitterbahn Water Park, Schlitterbahn Resort, Schlitterbahn Development Group, NBGS International, Inc., Jeffrey Wayne Henry, Water Ride Concepts, Inc. and Henry Schooley and Associates Reply in Support of the Motion to Dismiss, or, in the Alternative, Motion to Transfer ("Defendants' Reply"), Docket Entry No. 20, p. 6.

[11] The court notes, however, that the Fifth Circuit "has not previously definitively decided whether Rule 12(b)(1) or
(continued...)

**A.   Forum-Selection Clause:  Mandatory or Permissive**

The forum-selection clause in the Agreement states that "jurisdiction and venue shall lie with the state and federal courts located in Comal and/or Travis County, Texas."[12]  A forum-selection clause can be mandatory or permissive, depending on whether the forum is specified as the exclusive forum.  See Caldas & Sons, Inc. v. Willingham, 17 F.3d 123, 127 (5th Cir. 1994).  For a forum to be exclusive, the clause "must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."  City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d 501, 504 (5th Cir. 2004).  "A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another."  Id.  If a forum-selection clause can be reasonably interpreted as being either mandatory or permissive, courts have held that it is not mandatory.  See id. at 505, 504-06 (holding that a forum-selection clause in which a party to the contract "consent[ed] and yield[ed] to the jurisdiction of the State Civil Courts of the Parish of Orleans" was not mandatory because it was "susceptible to more than one reasonable interpretation"); Keaty v. Freeport Indonesia, Inc., 503 F.2d 955,

---

[11](...continued)
Rule 12(b)(3) is the proper rule for motions to dismiss based on an arbitration or forum-selection clause."  Noble Drilling Services, Inc. v. Certex USA, Inc., 620 F.3d 469, 472 n.3 (5th Cir. 2010).

[12]Agreement, Exhibit A to Defendants' Motion, Docket Entry No. 18, p. 11.

956-57 (5th Cir. 1974) (holding that a negotiated forum-selection clause stating that "the parties submit to the jurisdiction of the courts of New York" was not mandatory because it was "subject to opposing, yet reasonable, interpretations" and did not "clearly limit[] actions thereunder to the courts of a specified locale").

It is true as Defendants argue that a reasonable interpretation of the forum selection clause is that the state and federal courts in Comal or Travis County, Texas, are the only forums in which an action arising from the Agreement can be adjudicated. But the clause can also be reasonably interpreted as a restriction on a party's ability to contest jurisdiction and venue had it been sued in the specified forums. See City of New Orleans, 376 F.3d at 505-06. The clause does not say that jurisdiction and venue shall "only" or "exclusively" lie in the specified forums. The court therefore concludes that the parties' agreement that jurisdiction and venue "shall lie" in those forums does not reflect a clear intent to prohibit parties from filing suit in this district and does not require a finding that the clause is mandatory. See Caldas & Sons, 17 F.3d at 127 (finding that a forum-selection clause providing that a certain country's laws and courts "shall be applicable" was permissive); id. at 128 (citing with approval Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75 (9th Cir. 1987) (finding that a forum-selection clause providing that Orange County courts "shall have jurisdiction over

the parties in any action at law relating to the subject matter or the interpretation of [the] contract" was permissive)).

The Defendants' only basis for their Rule 12(b)(3) motion to dismiss is that the forum-selection clause in the Agreement, which refers to courts outside of this district, is mandatory. The Defendants do not argue that — notwithstanding the clause — Moody's choice of venue is inappropriate. Because the court concludes that the forum-selection clause is permissive, the Defendants' motion to dismiss will be denied.

**B.  Whether the Action Should Be Transferred**

The Defendants alternatively argue that the action should be transferred to the Western District of Texas, Austin Division, pursuant to the Agreement's forum-selection clause and 28 U.S.C. § 1406(a).[13]  Moody responds that because of the locations of the parties and events underlying this action, the Defendants do not satisfy their burden to show that their proposed venue is more convenient.[14]

    1.  Applicable Law

Although the Defendants argue for transfer under § 1406(a), which permits transfer when venue is laid "in the wrong division or district," the transfer analysis is governed instead by § 1404(a)

---

[13]Defendants' Motion, Docket Entry No. 18, p. 3.

[14]See Plaintiff's Response, Docket Entry No. 19, pp. 7-9.

because the court has concluded that Moody's choice of venue is proper. The court has concluded that the forum-selection clause is permissive. In addition, Moody's alleged facts and the statements from his affidavit establish that this district is an appropriate venue. Moody alleges that this venue is proper under § 1391,[15] which provides that an action may be brought in a district in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). According to Moody, he worked in this district with one or more of the Defendants as a consultant pursuant to the Agreement, he received payments for his services and for his patent in this district, and one or more of the Defendants constructed water rides in this district that utilized Moody's patented technology.[16] Moody has therefore established that venue is proper in this district.

It is well-settled law in the Fifth Circuit that motions to transfer venue pursuant to a forum-selection clause are analyzed under 28 U.S.C. § 1404(a). <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 108 S. Ct. 2239, 2245 (1988); <u>Int'l Software Sys., Inc. v. Amplicon, Inc.</u>, 77 F.3d 112, 115 (5th Cir. 1996).[17] Section 1404(a) permits

---

[15]Plaintiff's Complaint, Docket Entry No. 1, ¶ 1.

[16]Declaration of James Moody, attachment to Plaintiff's Response, Docket Entry No. 19, ¶¶ 6-7.

[17]The court concludes that <u>Stewart</u> is the appropriate vehicle with which to analyze this motion to transfer even though the forum-selection clause is permissive, not mandatory. A forum selection clause requiring exclusive venue in a state court would (continued...)

transfer "[f]or the convenience of parties and witnesses" and "in the interest of justice" "to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  When considering a motion to transfer, the preliminary question is whether the action "might have been brought" in the proposed venue. In re Volkswagen of America, Inc., 545 F.3d 304, 312 (5th Cir. 2008) (en banc).

If the action could have been brought in the proposed venue, the court, in accordance with Stewart, must make an "individualized, case-by-case consideration of convenience and fairness." Amplicon, 77 F.3d at 115 (quoting Stewart, 108 S. Ct. at 2244).  It should "weigh in the balance a number of case-specific factors," of which the forum selection clause is "a significant factor that figures centrally in the district court's calculus." Id.  The forum-selection clause, however, "should receive neither dispositive consideration . . . nor no consideration[,] . . . but rather the consideration for which Congress provided in § 1404(a)." Stewart, 108 S. Ct. at 2245.

---

[17](...continued) trigger application of the Bremen test to determine if an action should be dismissed. Int'l Software Sys., Inc. v. Amplicon, Inc., 77 F.3d 112, 114-15 (5th Cir. 1996).  The fact that Moody's jurisdictional pleadings are grounded not solely in § 1332 (diversity), but also in § 1331 (federal-question) and § 1338 (patents), does not alter the analysis.  See Stewart, 108 S. Ct. at 2242 n.3 (commenting that "the presence of a federal question," in addition to diversity, "could cut only in favor of the application of federal law").

-9-

In addition to considering the forum-selection clause, the Fifth Circuit has provided a non-exclusive list of private- and public-interest factors for courts to consider when conducting a § 1404(a) analysis. <u>In re Volkswagen of America, Inc.</u>, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The private-interest factors include (1) the relative ease of access to sources of proof, (2) the availability of compulsory process to secure the attendance of witnesses, (3) the cost of attendance for willing witnesses, and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. <u>Id.</u> (citing <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 102 S. Ct. 252, 258 n.6 (1981)). The public-interest factors include (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. <u>Id.</u> The moving party bears the burden of proving by a preponderance of the evidence that a transfer is appropriate in light of the circumstances surrounding the case. <u>Southeastern Consulting Group, Inc. v. Maximus, Inc.</u>, 387 F.Supp.2d 681, 684–85 (S.D. Miss. 2005).

 2. <u>Analyzing the § 1404(a) Factors</u>

The forum-selection clause, while permissive, assists the court in answering the preliminary question of whether the action

-10-

could have been brought in the proposed venue (the Western District of Texas, Austin Division). Since Moody agreed that jurisdiction and venue "shall lie with the state and federal courts located in Comal and/or Travis County, Texas," a region that includes Austin, Texas, the court concludes that the proposed venue would have been a proper forum in which to bring this action.

The Defendants argue that transfer to Austin is appropriate because the parties agreed to venue in the Western District as reflected in the Agreement's forum-selection clause and because the private- and public-interest factors favor transfer.[18] Specifically, they argue that with the exception of Aqua Leisure International, the Defendants are all located in New Braunfels, Texas, which is "just south of Austin, Texas," and that Austin is "a more convenient venue" because their "witnesses and evidence" are "closer to Austin than Houston."[19]

The court concludes that the Defendants have not met their burden of showing that transfer is appropriate under these circumstances. The forum-selection clause does not designate Austin, or even federal court, as the preferred forum. It merely reflects Moody's consent to jurisdiction in either state or federal court in Comal or Travis County, Texas. Significantly, no party to this action is located in Austin, Texas, and traveling to Houston

---

[18]Defendants' Reply, Docket Entry No. 20, pp. 6-7.

[19]Id. at 7.

for trial rather than to Austin will not place an undue burden on the Defendants residing in New Braunfels, Texas.

In addition, the combination of private- and public-interest factors do not favor transferring this action to Austin. The proof in support of Moody's claims will most likely consist of the Agreement, to which all parties have access; documents and discovery relating to the Agreement, which are transferable electronically; and witnesses, some of whom live in Houston and most of whom live in Texas. The fact that all of the parties except one reside in Texas makes cost a non-factor. The public-interest factors also bear little weight in this analysis: The local interest in resolving this dispute, the fact that Texas law will govern the dispute, and any conflict-of-law issues are of little or no concern given the close proximity between this court and the proposed venue. The plaintiff's chosen venue is not improper and is not burdensome to the Defendants.

### III.  Conclusion and Order

As explained above, Moody's choice of venue is proper, and the Defendants have not demonstrated that dismissal of this action under Rule 12(b)(3) or transfer to the Western District of Texas, Austin Division, under § 1404(a) is warranted under these circumstances. Accordingly, the court concludes that the Defendants Bad Schloss, Inc. d/b/a Schlitterbahn Water Park, Schlitterbahn Resort, Schlitterbahn Development Group, NBGS

International, Inc., Jeffrey Wayne Henry, Water Ride Concepts, Inc. and Henry Schooley and Associates Motion to Dismiss, or, in the Alternative, Motion to Transfer (Docket Entry No. 18) is **DENIED**. Defendants Bad Schloss, Inc. d/b/a Schlitterbahn Water Park, Schlitterbahn Resort, Schlitterbahn Development Group, NBGS International, Inc., Jeffrey Wayne Henry, Water Ride Concepts, Inc. and Henry Schooley and Associates Motion to Stay All Pending Matters (Docket Entry No. 22) is **DENIED** as **MOOT**.

**SIGNED** at Houston, Texas, on this 30th day of November, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE