IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES MOODY,                    §
                               §
       Plaintiff,              §
                               §
v.                             §        ACTION NO. 4:10-cv-1961
                               §
AQUA LEISURE INTERNATIONAL,    §
et al.,                        §
                               §
       Defendants.            §

**MEMORANDUM OPINION AND ORDER**

Pending before the court[1] is Plaintiff's Motion to Strike and Dismiss Defendants' Pleadings, and Plaintiff's Alternate Motion for A More Definite Statement regarding a Counterclaim and several Affirmative Defenses contained within Defendants' Answer to Plaintiff's Complaint (Doc. 28).  The court has considered the motions, all relevant filings, and the applicable law.  For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Strike and Dismiss, without prejudice, and **GRANTS** Plaintiff's Motion for a More Definite Statement.

I.  **Case Background**

A.   **Procedural Background**

Plaintiff James Moody ("Plaintiff") filed this lawsuit against Aqua Leisure International, Bad Schloss, Inc., NBGS International, Inc. ("NBGS"), Jeffrey Wayne Henry, Water Ride Concepts, Inc., and Henry Schooley and Associates (collectively, "Defendants") on June

---

[1]      The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Doc. 42.

3, 2010, alleging, among other causes of action, patent infringement.[2]  Defendants timely filed an answer to Plaintiff's complaint on December 10, 2010. [3]  In their answer, Defendants assert a number of counterclaims and affirmative defenses, including patent invalidity and/or unenforceability,[4] failure to state a claim upon which relief may be granted, and estoppel.[5]

## B. Factual Background

In January 1999, Defendant NBGS and Plaintiff entered into an agreement titled "Assignment and Consulting Agreement" ("the agreement").[6]  Pursuant to the terms of the agreement, NBGS paid Plaintiff twenty-four thousand dollars ($24,000) in exchange for Plaintiff's assignment of all rights in and to his patent ("the patent") to NBGS, including all rights to all income, royalties, and damages thereafter due or payable to Plaintiff with respect to the patent, as well as all rights to sue for past, present, and future infringements of the patent.[7]  In addition, because Plaintiff allowed the patent expire prior to executing the agreement, NBGS reimbursed Plaintiff for the two thousand, six

---

[2]    See generally Doc. 1, Plaintiff's Complaint.

[3]    See Doc. 27, Defendants' Answer.

[4]    Defendants' assertion of patent invalidity is made both as a counterclaim and as an affirmative defense.  See id.

[5]    Defendants assert as affirmative defenses that Plaintiff is estopped from asserting his claims both by virtue of the prosecution record made in the United States Patent and Trademark Office and according to the doctrines of laches, estoppel, waiver, failure of consideration, license, express contract, statute of limitations, unjust enrichment, quantum meruit, mistake, and payment. See Doc. 27, Defendant's Answer, p. 10.

[6]    See Doc. 27, Defendants' Answer to Plaintiff's Complaint, and Affirmative Defenses and Counterclaims, p. 11.

[7]    Id.

hundred and ninety dollar fee ($2,690) for reviving the patent with the United States Patent and Trademark Office ("USPTO").[8]  Further, the agreement entitled Plaintiff to a one-percent (1%) commission of the gross sales and licensing revenues that NBGS earned from use of the patent.[9]  Additionally, Plaintiff alleges that the agreement bound NBGS to hire him as a consultant on various projects.[10]

Plaintiff subsequently instituted this suit arguing that Defendants breached the agreement.[11]  Specifically, Plaintiff alleges patent infringement, failure to hire him as a consultant on certain projects, breach of the covenant of good faith and fair dealing, misappropriation of trade secrets and proprietary information, and fraud/misrepresentation.[12]

Defendants deny these allegations and assert a number of counterclaims and affirmative defenses.[13]  They argue, among other things, that the patent is invalid and that it expired due to Plaintiff's failure to revive it with the USPTO.  Further, Defendants aver that they never agreed to hire Plaintiff as a consultant and that they mistakenly overpaid Plaintiff for uses not covered by the inventions described and claimed in the patent.[14]

## II.   Standards

---

[8]   See Doc. 27, Defendants' Answer, p. 12.

[9]   See id.

[10]   See id.

[11]   See generally Doc. 1, Plaintiff's Complaint.

[12]   See id. at 6-9.

[13]   See generally Doc. 27, Defendants' Answer.

[14]   See id.

When reviewing a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion, the court determines whether a complaint states a valid claim when all well-pleaded facts are (1) assumed true and (2) are viewed in a light most favorable to the plaintiff. _In re Katrina Canal Breaches Litig._, 495 F.3d 191, 205 (5th Cir. 2007). The court does not evaluate the plaintiff's likelihood of success; rather, it only decides whether the plaintiff has stated a legally cognizable claim that is plausible on its face. _Ashcroft v. Iqbal_, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).

In a Rule 12(e) motion, the court determines whether the "pleading to which a responsive pleading is allowed" is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

### III.  <u>Analysis</u>

Plaintiff moves to dismiss or, in the alternative, for a more definite statement, on Defendants' First Counterclaim and their First, Third, Fifth, and Sixth Affirmative Defenses.

### A.  **First Counterclaim**

According to Rule 8(a)(2), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Further, the United States Supreme Court has stated that a pleading must also contain "enough facts to state a claim for relief that is plausible on its face" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." _Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 555 (2007)(citing _Conley v. Gibson_, 355 U.S. 41, 47 (1957)).  In addition, the Fifth Circuit has held

4

that the same Rule 8(a) pleading requirements apply to counterclaims and affirmative defenses. <u>Woodfield v. Bowman</u>, 193 F.3d 354, 362 (5th Cir. 1999). Therefore, a counterclaim or an affirmative defense must be written in such a way that it includes enough facts to give the opposing party notice of the factual and legal bases of the claim or defense asserted. <u>Id.</u>

In their First Counterclaim, Defendants assert patent invalidity.[15] Plaintiff argues that Defendants failed to allege necessary facts to support this contention. The court agrees.

Defendants' First Counterclaim states, "[u]pon information and belief, the claims of the asserted patent are invalid and/or unenforceable under one or more provisions of Title 35 of the United States Code §§ 101, et seq., including at least one of §§ 102, 103, and 112."[16] They then cite paragraphs 66-89 of their answer as factual support.[17] However, these paragraphs merely recite the facts regarding Plaintiff's violation of the Assignment and Consulting Agreement and are silent as to any facts that might serve as the basis for patent invalidity.[18] Therefore, Defendants' First Counterclaim fails to meet the <u>Twombly</u> standard.

**B.  Affirmative Defenses**

Plaintiff next contends that Defendants' First, Third, Fifth, and Sixth Affirmative Defenses are similarly factually unsupported

---

[15]   <u>See</u> <u>id.</u>

[16]   <u>See</u> Doc. 27, Defendants' Answer to Plaintiff's Complaint, and Affirmative Defenses and Counterclaims.

[17]   <u>See</u> <u>id.</u>

[18]   <u>See</u> <u>id.</u>

in the pleading.[19]  The court agrees as to defenses three, five, and six.

As stated above, the <u>Twombly</u> requirements also apply to affirmative defenses.  <u>See</u> <u>Woodfield</u>, 193 F.3d 354 at 362.  In their Third Affirmative Defense, Defendants assert a defense of patent invalidity and fail to cite any facts for support.[20]

In their Fifth Affirmative Defense, Defendants allege that Plaintiff is estopped from asserting his claims "by virtue of the prosecution record made in the United States Patent and Trademark Office during the pendency of the applications resulting in the patent asserted by [Plaintiff] in the Complaint against [Defendants], from construing any claim of those patents as covering [Defendants'] products."[21]  Although Defendants generally allege that the prosecution history will support this claim, they do not allege any facts to adequately put Plaintiff on notice of the claim and its factual and legal foundation.[22]

Similarly, in their Sixth Affirmative Defense, Defendants argue that Plaintiff is "estopped from asserting [his] claims against [Defendants] under the doctrines of laches, estoppel, waiver, failure of consideration, license, express contract, statute of limitations, unjust enrichment, quantum meruit, mistake,

---

[19]    <u>See</u> Doc. 28, Plaintiff's Motion To Strike and Dismiss Defendants' Pleadings, and Plaintiff's Alternate Motion for a More Definite Statement, p. 4.

[20]    <u>See</u> Doc. 27, Defendants' Answer to Plaintiff's Complaint, and Affirmative Defenses and Counterclaims, p. 9.

[21]    <u>Id.</u> at 10.

[22]    <u>See</u> <u>id.</u>

and payment."[23]   Defendants do not state any facts in support of these affirmative defenses in either that paragraph or any other sections of their answer.[24]

Without facts in support, Defendants' First, Third, and Sixth Affirmative Defenses fail to meet the <u>Twombly</u> standard.

### IV.   <u>Conclusion</u>

Based on the foregoing, the court **DENIES** Plaintiff's Motion to Strike and Dismiss, without prejudice, and **GRANTS** Plaintiff's Motion for a More Definite Statement as to Defendants' First Counterclaim and First, Third, and Sixth Affirmative Defense.

**SIGNED** in Houston, Texas, this <u>30th</u> day of June, 2011.

Nancy K. Johnson
United States Magistrate Judge

---

[23]   <u>Id.</u>

[24]   <u>See id.</u>