```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

JAMES C. MOODY,                         §
                                        §
        Plaintiff,                      §
                                        §
v.                                      §    CIVIL ACTION NO. H-10-1961
                                        §
AQUA LEISURE INTERNATIONAL,             §
et al.                                  §
                                        §
        Defendants.                     §

**MEMORANDUM OPINION**

Pending before the court[1] is Plaintiff's Motion to Dismiss and Strike Defendants' Pleadings (Doc. 49). The court has considered the motion, the response, all prior filings, and the applicable law. For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion.

**I.  Case Background**

Plaintiff filed this action against one individual and five businesses, alleging infringement of U.S. Patent No. 4,805,896 (the "'896") entitled "Low Rise Water Ride," for the development of waterpark rides using Tubescape Technology as well as numerous state law causes of action.[2] Plaintiff brought suit in June 2010, and Defendants Bad Schloss, Inc., NBGS International, Inc., Jeffrey Wayne Henry, Water Ride Concepts, Inc., and Henry Schooley and

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docs. 37, 40-42.

[2] See Doc. 1, Pl.'s Original Compl.

Associates (collectively "Defendants")[3] initially responded with a motion to dismiss that was denied.[4]

Defendants filed an answer that asserted a number of counterclaims and affirmative defenses.[5] Plaintiff sought to dismiss Defendants' counterclaim for patent invalidity and/or unenforceability and to strike their affirmative defenses of failure to state a claim, patent invalidity, prosecution history estoppel, and estoppel based on various doctrines.[6] The court found that the pleading lacked factual support for all of the challenged components except the defense of failure to state a claim.[7] Rather than granting Plaintiff's motion to strike and dismiss, though, the court granted his motion for a more definite statement to correct the deficiencies.[8]

Defendants filed an amended pleading in July 2011, adding several paragraphs to the invalidity counterclaim and to their third, fifth, and sixth defenses (respectively patent invalidity,

---

[3] One other defendant in this action, Aqua Leisure International, answered separately, and Plaintiff has not challenged the sufficiency of its answer. For purposes of this memorandum only, the term "Defendants" does not refer to Aqua Leisure International.

[4] See Doc. 1, Pl.'s Original Compl.; Doc. 18, Defs.' Mot. to Dismiss; Doc. 24, Memorandum Opinion and Order Dated Nov. 30, 2010.

[5] See Doc. 27, Defs.' Answer to Pl.'s Compl. & Affirmative Defenses & Countercls.

[6] See Doc. 28, Pl.'s Mot. to Dismiss.

[7] See Doc. 44, Mem. Op. & Order Dated June 30, 2011.

[8] See id.

prosecution history estoppel, and estoppel based on various doctrines).[9] Plaintiff immediately challenged the sufficiency of Defendants' amended pleading on the same grounds asserted in its original motion.[10]

Plaintiff contends that Defendants' counterclaim should be dismissed under Rule 12(b)(6) and their affirmative defenses should be stricken under Federal Rule of Civil Procedure ("Rule") 12(f). The court reviews Defendants' amended pleading to determine whether it complies with the court's order.

Pursuant to Rule 12(b)(6), dismissal of an action is appropriate whenever the pleading, on its face, fails to state a claim upon which relief can be granted. It need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

According to Rule 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the

---

[9]   See Doc. 48, 1st Am. Ans. & Affirmative Defenses & Countercls.

[10]  See Doc. 49, Pl.'s Mot. to Dismiss & Strike Defs.' Pleadings.

claim showing that the pleader is entitled to relief." The claim must provide "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In other words, the pleading must include the factual and legal bases for the claim asserted. Rule 8(a) applies to counterclaims and affirmative defenses. See Fed. R. Civ. P. 8(a)(applying to any "pleading that states a claim for relief"); Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999)(referring to the standard as "fair notice" for affirmative defenses).

Rule 12(f) grants courts the authority to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See also Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 178 (5th Cir. 2007). However, "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." Woodfield, 193 F.3d at 362. Although generally disfavored, motions to strike are proper for defenses that, as a matter of law, are insufficient. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057-58 (5th Cir. 1982). The trial court may use its discretion in deciding such motions. See Cambridge Toxicology Group, Inc., 495 F.3d at 178.

Defendants' counterclaim and third defense, as originally pled, both asserted invalidity and/or unenforceability of the '896

4

"under one or more provisions of Title 35 of the United States Code §§ 101, et seq., including at least one of §§ 102, 103, and 112."[11] When they amended, Defendants added no facts to the preliminary paragraphs of its counterclaims.[12] In the detailed paragraph on the invalidity claim and defense, Defendants repeated the same assertion from their original pleading and named seven rides.[13]

The first two sections cited by Defendants address novelty and obviousness, issues as to which other (pre-existing) water rides could have an impact. See 35 U.S.C. §§ 102 (requiring novelty for patentability), 103 (precluding patents for obvious subject matters). Although Defendants did not detail precisely how the named rides prove that the '896 either was not novel or was obvious, they identified prior art[14] that may call into question patentability of the '896. The court finds this sufficient to provide Plaintiff fair notice as to their counterclaim and affirmative defense of invalidity and/or unenforceability.

The third statutory section on which Defendants rely details what information the patent must include in the specification. See

---

[11] Doc. 27, Defs.' Answer to Pl.'s Compl. & Affirmative Defenses & Countercls., ¶¶ 62, 90.

[12] Compare Doc. 27, Defs.' Answer to Pl.'s Compl. & Affirmative Defenses & Countercls., ¶¶ 66-89 with Doc. 48, 1st Am. Ans. & Affirmative Defenses & Countercls., ¶¶ 77-100.

[13] Doc. 48, 1st Am. Ans. & Affirmative Defenses & Countercls., ¶¶ 63, 102.

[14] Defendants did not specifically refer to the named rides as prior art, but, from the context, it is clear that was their intention. See id.

35 U.S.C. § 112. Listing alleged prior art in no way alerts Plaintiff to deficiencies in the specification of the '896. Merely citing to the statutory requirements for a patent specification is, therefore, insufficient as a matter of law. This portion of Defendants' counterclaim should be dismissed, and the same portion of their defense should be stricken.

Defendants' fifth affirmative defense originally asserted that Plaintiff "is estopped, by virtue of the prosecution record made in the United States Patent and Trademark Office [("USPTO")] during the pendency of the applications resulting in the ['896] patent . . . from construing any claim of those patents [sic] as covering any of [Defendants'] products."[15] To this, Defendants added that they had identified the relevant portions of the prosecution history in their claim construction brief and incorporated the brief into their pleading.[16] In their claim construction brief, Defendants did discuss the effect of Plaintiff's representations to the USPTO regarding intended meanings of claim language, differences from prior art, and scope of his invention.[17]

While the incorporation of the claim construction brief may

---

[15] Doc. 27, Defs.' Answer to Pl.'s Compl. & Affirmative Defenses & Countercls., ¶ 64.

[16] Doc. 48, 1st Am. Ans. & Affirmative Defenses & Countercls., ¶ 66.

[17] See Doc. 32, Def. NBGS International, Inc.'s Claim Construction Brief, pp. 8-11.

not be the most convenient method of providing the factual and legal basis of Defendants' prosecution history defense, it is more than adequate to put Plaintiff on notice as to the nature of their defense.  This defense should not be stricken.

The sixth defense is a collection of eleven doctrines.[18] Originally, Defendants merely listed the doctrines of laches, estoppel, waiver, failure of consideration, license, express contract, statute of limitations, unjust enrichment, quantum meruit, mistake, and payment and asserted that Plaintiff was "estopped from asserting [his] claims" by these doctrines.[19] Defendants' amended pleading explained further that, since prior to 2005, Plaintiff had been paid commissions on rides that fell outside the scope of the parties' agreement and that Plaintiff accepted the payments without objection.[20]

The court makes no judgment on the merit of Defendants' estoppel defense based on any of these defenses, but that is not its job at the pleading stage.  The additional facts in the amended pleading are sufficient, as a matter of law, to notify Plaintiff of the basis for each doctrine.  They should not be stricken.

Based on the foregoing, the court **GRANTS** Plaintiff's motion as to the defense and counterclaim for invalidity based on 35 U.S.C.

---

[18]    See Doc. 48, 1st Am. Ans. & Affirmative Defenses & Countercls., ¶ 67.

[19]    Doc. 27, Defs.' Answer to Pl.'s Compl. & Affirmative Defenses & Countercls., ¶ 65.

[20]    Doc. 48, 1st Am. Ans. & Affirmative Defenses & Countercls., ¶¶ 68-72.

§ 112 and **DENIES** the motion in all other respects.

**SIGNED** in Houston, Texas, this 9th day of March, 2012.

*Nancy K. Johnson*
United States Magistrate Judge