```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

JAMES C. MOODY,                  §
                                 §
       Plaintiff,                §
                                 §
v.                               §    CIVIL ACTION NO. H-10-1961
                                 §
AQUA LEISURE INTERNATIONAL,      §
et al.                           §
                                 §
       Defendants.               §
```

## MEMORANDUM OPINION

Pending before the court[1] is Defendant Aqua Leisure International's ("Aqua Leisure") Motion for Summary Judgment (Doc. 39). The court has considered the motion, the other relevant briefs, the summary judgment evidence and the applicable law. For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Defendant Aqua Leisure's motion.

### I.  Case Background

Plaintiff filed this action against one individual and five businesses, alleging infringement of U.S. Patent No. 4,805,896 (the "'896 Patent") and violations of state common law.[2]

**A.  Factual Background**

Plaintiff invented the "low rise water ride," which is the

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Doc. 42, Consents to Proceed Before Magis. Judge & Order Dated June 21, 2011.

[2] See Doc. 1, Pl.'s Original Compl.

subject of the '896 Patent.[3] The patent, which the U.S. Patent and Trademark Office issued on February 21, 1989, describes the invention as "[a] water ride for swimmers [that] utilizes the linear movement of a large quantity of water of swimming depth at minimal slopes so that the swimmer is moved by the water rather than through it."[4] The swimmer is propelled through a circuitous channel.[5]

On January 19, 1999, Plaintiff and Defendant NBGS International, Inc., ("NBGS Int'l") entered an Assignment and Consulting Agreement ("Agreement") related to the '896 Patent.[6] The Agreement acknowledged Plaintiff's ownership of the patent rights and rights to the mark "TUBESCAPE" and related logos and designs.[7] Plaintiff assigned to Defendant NBGS Int'l all rights in the '896 Patent and the "TUBESCAPE" mark in exchange for $24,000 plus a one percent commission of the gross sales revenues and licensing revenues received by Defendant NBGS Int'l "directly attributable to the Tubescape Technology."[8] Plaintiff also agreed to provide consulting services as requested by Defendant NBGS Int'l

---

[3] See Doc. 31-1, Ex. A to Pl.'s Opening Cl. Constr. Br., '896 Patent.

[4] Id. at Abstract.

[5] Id. at Summary of the Invention.

[6] See Doc. 50-2, Ex. A to Pl.'s Decl. in Supp. of his Resp. to Def. Aqua Leisure's Mot. for Summ. J., Agreement.

[7] Id. at p. 1.

[8] Id. at pp. 1-2, 6-7.

for hourly compensation.[9]

Defendants NBGS Int'l, Water Ride Concepts, Inc., ("WRC") or Henry Schooley and Associates ("HS&A") paid Plaintiff the agreed amount of $24,000, consulting fees as they accrued, and a portion of the license fees.[10] Among other missing compensation was any commission on Defendants' Dubai waterpark project.[11] In 2009, Jeff Henry ("Henry"), chief executive officer of Defendant NBGS Int'l, informed Plaintiff that "NBGS is effectively out of business," explaining that it had no employees or sales but a lot of debt.[12]

**B. Procedural Background**

Plaintiff brought suit in June 2010 against Defendants Aqua Leisure, Bad Schloss Inc., ("Schloss"), NBGS Int'l, Henry, WRC, and HS&A.[13] In addition to patent infringement, Plaintiff alleged that: 1) Defendant NBGS Int'l and "its successors" Defendants Aqua Leisure, WRC, and/or Henry breached the Agreement; 2) all of the defendants breached the covenant of good faith and fair dealing; 3) all of the defendants "misappropriated, used and disclosed . . . trade secrets and proprietary information in violation of [the]

---

[9] See id. at p. 1.

[10] Doc. 50-1, Pl.'s Decl. in Supp. of his Resp. to Def. Aqua Leisure's Mot. for Summ. J., ¶ 30.

[11] Id.

[12] Doc. 50-6, Ex. E to Pl.'s Decl. in Supp. of his Resp. to Def. Aqua Leisure's Mot. for Summ. J., Letter from Henry to Plaintiff Dated Aug. 20, 2009; see also Doc. 50-1, Pl.'s Decl. in Supp. of his Resp. to Def. Aqua Leisure's Mot. for Summ. J., Agreement, ¶ 32.

[13] See Doc. 1, Pl.'s Original Compl.

Agreement;" 4) Defendants NBGS Int'l and Henry made fraudulent representations to induce Plaintiff to enter into the Agreement; and 5) Plaintiff was entitled to payment under theories of unjust enrichment and/or quantum meruit.[14] Plaintiff also requested that the patent title be returned to him as well as compensatory and punitive damages, injunctive relief, an accounting, costs, expenses, disbursements, and attorneys' fees.[15]

Defendant Aqua Leisure answered separately from the other defendants.[16] It concurrently filed a motion to dismiss based on improper venue, which it withdrew shortly thereafter.[17]

The court held a scheduling conference in December 2010 and set dates, including deadlines for initial and responsive claim construction briefs.[18] The parties timely filed their claim construction briefs in February and March 2011.[19] Defendant Aqua Leisure joined the initial and responsive briefs filed by the other defendants.[20] A few months later, the court referred the case to the undersigned, and the parties consented to have the undersigned

---

[14] Id. at pp. 6-9.

[15] Id. at pp. 8-10.

[16] See Doc. 9, Def. Aqua Leisure's Answer.

[17] See Doc. 10, Def. Aqua Leisure's Mot. to Dismiss; Doc. 12, Def. Aqua Leisure's Notice of Withdrawal.

[18] See Doc. 25, Min. Entry Order Dated Dec. 3, 2010; Doc. 26, Scheduling Order Dated Dec. 3, 2010.

[19] See Docs. 30-34, Cl. Constr. Brs.

[20] Doc. 30, Def. Aqua Leisure's Cl. Constr. Br.

conduct all further proceedings.[21] At that time, the court terminated all remaining scheduling deadlines.[22]

Prior to the transfer of the case, Defendant Aqua Leisure filed the pending motion for summary judgment.[23] In connection with his response, Plaintiff filed a Federal Rule of Civil Procedure ("Rule") 56(d) motion.[24] Defendant Aqua Leisure filed a reply in support of its motion and objections to the summary judgment evidence submitted by Plaintiff.[25] Until March 9, 2012, when the court issued a ruling on Plaintiff's motion to dismiss and strike the other defendants' pleading, there had been no docket activity since August 2011. The court first considers Plaintiff's Rule 56(d) motion.

## II. Plaintiff's Rule 56(d) Motion

When the nonmovant lacks access to facts essential for mounting an opposition to a summary judgment motion, Rule 56(d) allows the court to: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The decision to grant or deny a Rule 56 motion is within

---

[21] See Doc. 35, Order Dated June 3, 2011; Doc. 42, Consents to Proceed Before Magis. Judge & Order Dated June 21, 2011.

[22] See Docket Entry Dated June 30, 2011.

[23] See Doc. 39, Def. Aqua Leisure's Mot. for Summ. J.

[24] See Doc. 50, Pl.'s Req. Under Rule 56(d).

[25] See Doc. 51, Def. Aqua Leisure's Reply.

the discretion of the district court. <u>Chevron U.S.A., Inc. v. Traillour Oil Co.</u>, 987 F.2d 1138, 1156 (5th Cir. 1993).

The nonmovant must present by way of a sworn statement "specified reasons" that he cannot present facts essential to justify his opposition. Fed. R. Civ. P. 56(d). The key information is why additional discovery is needed and "how that discovery will create a genuine issue of material fact." <u>Beattie v. Madison Cnty. Sch. Dist.</u>, 254 F.3d 595, 606 (5th Cir. 2001)(ruling on a motion filed under the substantially identical prior subdivision 56(f)); <u>see also</u> <u>Chenevert v. Springer</u>, 431 Fed. App'x 284, 287 (5th Cir. 2011)(unpublished)(citing <u>Stearns Airport Equip. Co. v. FMC Corp.</u>, 170 F.3d 518, 534-35 (5th Cir. 1999)). The Fifth Circuit has stated that Rule 56(d) motions "are generally favored and should be liberally granted." <u>Guzman v. Mem'l Hermann Hosp. Sys.</u>, 409 Fed. App'x. 769, 772 (5th Cir. 2011)(unpublished)(quoting <u>Stearns Airport Equip. Co.</u>, 170 F.3d at 534).

In order to determine whether Plaintiff's Rule 56(d) motion should be granted, the court must begin with a synopsis of Defendant Aqua Leisure's arguments in favor of summary judgment. Defendant Aqua Leisure moves for summary judgment on all causes of action asserted against it. Concerning patent infringement, Defendant Aqua Leisure claims that Plaintiff has no evidence that it "made, used, offered to sell, knowingly induced others to sell

6

and/or sold, constructed, developed or designed water park rides in the Unite[d] States which infringe the '896 Patent."[26]

Defendant Aqua Leisure also contends that Plaintiff has no evidence that it ever entered into a contract with Plaintiff and, therefore, cannot be liable for either breach of contract or breach of the covenant of good faith and fair dealing. The same argument, no evidence, is what Defendant Aqua Leisure relies on to support dismissal of the misappropriation of trade secrets claim. Defendant Aqua Leisure argues that Plaintiff failed to plead fraud with the particularity required by Rule 9(b) and that Plaintiff has no evidence to support that claim against Defendant Aqua Leisure. Defendant Aqua Leisure contends there is no evidence supporting all of the elements of unjust enrichment or quantum meruit.

Recognizing that Plaintiff's claims against it are not based solely on its actions but on derivative liability, Defendant Aqua Leisure devotes the largest subdivision of its argument section to the assertion that it is not the alter ego or agent of any other defendant. Therein, Defendant Aqua Leisure specifically contends:

> In the instant case, Plaintiff has no evidence that Aqua Leisure is the alter ego of any of the Co-Defendants' corporations. Aqua Leisure was not—and is not—involved in the creation or operation of the Galveston, South Padre Island, Texas Water Parks or the Atlantis III Water Park in Nassau, Bahamas. Aqua Leisure does not and has not used the Tubescape Technology referenced in Plaintif's Original Complaint in Texas, Dubai, Kansas City or any other location. Aqua Leisure is a separate

---

[26] Doc. 39, Def. Aqua Leisure's Mot. for Summ. J., p. 5.

>and distinct company from NBGS [Int'l]. Aqua Leisure is not a successor in all or part of NBGS' business. Aqua Leisure does not have a controlling interest in NBGS International or NBGS UK, LTD. Aqua Leisure has only arms-length business connections with NBGS International. . . . All corporate formalities between Aqua Leisure, Water Ride Concepts, and NBGS have been maintained. Aqua Leisure is not the alter ego of NBGS. Plaintiff has no evidence to prove that Aqua Leisure is the alter ego NBGS.[27]

To support these statements, Defendant Aqua Leisure relies on the declarations of Keith Palmer, its director, and Michael Jaroszewski, its employee and registered agent.

In response, Plaintiff argues that its claims against Defendant Aqua Leisure are based on three theories of derivative liability: 1) Defendant Aqua Leisure's status as a successor to NBGS Int'l; 2) alter ego; and 3) joint enterprise theory. Plaintiff briefly discusses each in its response but requests additional time to conduct discovery on issues related to these theories.

Plaintiff's counsel submitted an affidavit stating that discovery was in its early stages, that the parties were awaiting a decision on claim construction, that Defendants' asserted claim construction was relevant also to the breach of contract claim, and that no party had noticed any deposition. The counselor affirmed that additional discovery was necessary to assess the issues of alter ego and joint enterprise.

---

[27] Id. at pp. 6-7 (internal record citations omitted).

Attached to Plaintiff's counsel's declaration are a webpage from NBGS UK's 2008 website indicating that Defendant Aqua Leisure was "formally NBGS," a certificate of incorporation indicating that NBGS UK Limited changed its name to Aqua Leisure International Limited, and two sets of answers to interrogatories, one by Defendant Aqua Leisure and one by the other defendants, indicating overlap among the principals of Defendant Aqua Leisure and Defendant NBGS Int'l.[28]

To warrant granting a Rule 56(d) motion, the nonmovant does not need to establish the existence of a genuine dispute of material fact but only needs to show specified reasons that he cannot present facts essential to creating a genuine issue of material fact. Here, Plaintiff has indicated that, at the time Defendant Aqua Leisure's motion was filed, the parties had only begun discovery and were waiting on the court's claim construction ruling before conducting depositions for efficiency reasons. The parties appear to have remained in a holding pattern awaiting the court's ruling on claim construction. Additional discovery is

---

[28] See Doc. 50-9, Ex. G to James D. Petruzzi's Decl., Webpage; Doc. 50-10, Ex. H, to James D. Petruzzi's Decl., Certificate of Incorporation on Change of Name; Doc. 50-16, Ex. N to James D. Petruzzi's Decl., Defs. Schloss, NBGS Int'l, Henry, WRC, & HS&A's Resps. to Pl.'s 2nd Set of Interrogs.; Doc. 50-17, Ex. O to James D. Petruzzi's Decl., Def. Aqua Leisure's Resps. to Pl.'s 2nd Set of Interrogs.
Defendant Aqua Leisure objects to consideration of the webpage, as well as other summary judgment evidence submitted by Plaintiff. As the court is not considering the evidence for purposes of summary judgment, but, rather, reviewing it to determine whether Plaintiff has shown why additional evidence is needed and how it will create a genuine issue of material fact, the court **OVERRULES** Defendant Aqua Leisure's objections.

necessary to allow Plaintiff to test the declarations submitted by Defendant Aqua Leisure and to investigate the relationship between Defendants Aqua Leisure and NBGS Int'l. If discovery reveals evidence of one of Plaintiff's theories of derivative liability, that information would be material to the outcome of Defendant Aqua Leisure's motion.

Despite the need for additional discovery, one of Defendant Aqua Leisure's arguments can be addressed at this time. Defendant Aqua Leisure's Rule 9(b) contention does not depend on a ruling as to derivative liability. Defendant Aqua Leisure argues that Plaintiff's fraud claim is not supported by sufficiently particular factual allegations.

Rule 9(b) requires that a party alleging fraud "state with particularity the circumstances constituting fraud." The Fifth Circuit requires that the complaint specify what statements were fraudulent, who made them, when and where they were made, and why they were fraudulent. <u>Dorsey v. Portfolio Equities, Inc.</u>, 540 F.3d 333, 339 (5th Cir. 2008)(stating also that, simply put, fraud pleadings must contain "'the who, what, when, where, and how' of events at issue").

Neither Plaintiff's recitation of facts nor his statement of the fraud cause of action identified any allegedly fraudulent statement attributable to Defendant Aqua Leisure. Rather, only Defendants NBGS Int'l and Henry were implicated in Plaintiff's

allegations, which asserted that those two defendants made false representations to induce Plaintiff to enter into the Agreement. Rule 9(b) is a pleading requirement, and, thus, even proof of successorship, alter ego, or joint enterprise would not remedy the deficiencies of the complaint. Plaintiff provided no details in his complaint connecting Defendant Aqua Leisure with the fraudulent statements or with Defendants NBGS Int'l and Henry during that time period.

Plaintiff's fraud claim against Defendant Aqua Leisure should be dismissed. The court may reconsider this dismissal upon the filing of a motion with a proposed amended complaint that comports with Rule 9(b).

## IV. Conclusion

Based on the foregoing, the court **GRANTS** Plaintiff's Rule 56(d) motion and **GRANTS IN PART AND DENIES IN PART** Defendant Aqua Leisure's summary judgment motion. After the court issues a decision on claim construction, it will set deadlines for discovery and the filing of motions. Defendant Aqua Leisure may timely refile its summary judgment motion after the completion of discovery on alter ego.

**SIGNED** in Houston, Texas, this 22<u>nd</u> day of March, 2012.

Nancy K. Johnson<br>United States Magistrate Judge